IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 19-72-01 |
| PHILIP NARDUCCI | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

Philip Narducci is a convicted mafia hitman who committed multiple murders and attempted murders on behalf the Philadelphia La Cosa Nostra ("LCN") Family.  In 1988, a federal jury in the Eastern District of Pennsylvania convicted Narducci and other members of the mob, including then-LCN boss Nicodemo Scarfo, of federal RICO violations.  As racketeering crimes underlying his substantive RICO and RICO conspiracy counts of conviction, the jury found Narducci guilty of being a fully initiated or "made" member of the Philadelphia LCN Family who participated in the murder of Salvatore Tamburrino, the murder of Robert Riccobene, the attempted murder of Joseph Salerno, Sr., and the attempted murder of Frank Martines.  District Court Judge Franklin S. Van Antwerpen sentenced Narducci to 480 months of imprisonment for his violent crimes.

On May 25, 2012, after serving nearly 25 years of incarceration, Narducci was released from federal prison and placed on federal parole under the supervision of the United States Probation Office.  While on parole, Narducci brazenly continued his criminal career by committing the violent loansharking offenses charged in this case.  Once again, Narducci has amply demonstrated his blatant disrespect for the law, complete lack of rehabilitative potential, and unwillingness to submit to court supervision.  Narducci poses a clear and present danger to the community.  Because no condition or combination of conditions will reasonably assure the

safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and a permanent order of pretrial detention of the defendant.

**I.      THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

      **A.      Probable Cause And The Evidence In This Case**

      1.      There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 892(a) and 894(a)(1), as charged in the indictment filed on January 30, 2019.

      2.      The evidence in this case is strong.

           a.      In or about January 2018, Narducci made an extortionate and usurious loan of $20,000 to Victim A.

           b.      In or about June 2018, the loan amount from Narducci was increased to $115,000.

           c.      In or about October 2018, when Victim A failed to make required weekly interest payments on the usurious loans, Narducci confronted Victim A at his place of employment and threatened him with violence by making a hand signal for a gun and saying, "This is what I do if you don't pay," or words to that effect.

           d.      On or about October 25, 2018, when Victim A failed to make required weekly interest payments on usurious loans, defendant Narducci physically assaulted Victim A by throwing him across a room, throwing him against a car and pushing his head against the windshield.

e. On or about October 27, 2018, Narducci directed his co-conspirator James Gallo to collect weekly interest payments on the usurious loans from Victim A.

f. On or about October 27, 2018, when Gallo collected a weekly interest payment from Victim A on behalf of Narducci, Gallo told Victim A that he should be scared of Narducci, stating, "He's a killer, you fucking idiot. He's killed fucking eight people." This threat of violence by Gallo was recorded by Victim A.

g. On or about October 29, 2018, when Gallo collected a weekly interest payment from Victim A on behalf of Narducci, Gallo warned Victim A, "I'm not saying that he [referring to Narducci] won't come in and strangle you, but he's not gonna kill you." This threat of violence by Gallo was recorded by Victim A.

h. During a recorded meeting on November 26, 2018, Gallo admitted to Victim A that he had brought Narducci "$300,000 in loans," or words to that effect. This recorded statement clearly shows that Gallo and Narducci worked in concert to extort other loansharking victims beyond Victim A.

i. On or about December 7, 2018, when Victim A failed to make a weekly interest payment in the correct amount, Gallo told Victim A to "stop playing games" and that he was "playing with the wrong guy." Gallo also warned Victim A, "You know when you're gonna care? When he [referring to defendant Narducci] shows up with a fucking ski mask and you're gonna say, 'Oh No,' and it's too late. That's when you're gonna care. That's when you're gonna care. You're gonna say 'Oh No' and that's gonna be the last thing you're gonna fucking say. And that, I don't care. It's not my problem … That's what he does! This

is what the guy does! He's mentioned in fourteen murders! Like, what's your problem?" This threat of violence by Gallo was recorded by Victim A.

### B. Maximum Penalties

The total maximum penalty defendant faces is 40 years of imprisonment, a $500,000 fine, 3 years of supervised release, and a $200 special assessment. Under the United States Sentencing Guidelines, defendant faces an estimated sentencing range of 63-78 months of imprisonment.

### C. Criminal Record

1. The defendant has the following prior convictions:

    a. In 1988, Narducci was convicted of federal RICO violations involving two murders and two attempted murders in the LCN prosecution of *United States v. Nicodemo Scarfo, et al.*, Criminal No. 88-00003 (EDPA). Narducci was sentenced to 480 months of imprisonment.

    b. In 1989, Narducci was convicted in the Philadelphia County Court of Common Pleas of the first-degree murder of Frank "Frankie Flowers" D'Alfonso. D'Alfonso, a prominent South Philadelphia bookmaker, was killed because he refused to make extortion payments to the mob. Narducci was one of two shooters who murdered D'Alfonso. Narducci was sentenced to mandatory life imprisonment. In 1992, the Pennsylvania Superior Court overturned the murder convictions and ordered a new trial. After retrial in 1997, a jury acquitted Narducci of the murder charges, but convicted him on the offense of possession of an instrument of crime. Narducci was sentenced to 2 to 5 years of imprisonment consecutive to his federal RICO sentence.

2. The defendant has the following arrests:

a. In February 1984, Narducci was arrested by the Mount Ephraim, New Jersey Police Department for carrying a prohibited weapon.

b. In April 1987, Narducci was arrested by the New Jersey State Police for attempted murder.

### D. Prior History of Failures to Abide by Court Supervision

Narducci committed the charged offenses while he was on federal parole and under court supervision through the United States Probation Office. His parole status began when he was released from federal prison on May 25, 2012 and continued until the Federal Parole Commission terminated his parole on April 3, 2018.

## II. CONCLUSION

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

    Respectfully submitted,

    WILLIAM M. MCSWAIN
    United States Attorney


    **/s/ *John S. Han***
    JOHN S. HAN
    Trial Attorney
    Organized Crime and Gang Section
    United States Department of Justice

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 19-72-01** |
| **PHILIP NARDUCCI** | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this        day of February 2019, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1. There is probable cause to believe that the defendant has violated 18 Title 18, United States Code, Sections 892(a) and 894(a)(1), as charged in the indictment filed on January 30, 2019.

2. The evidence in this case is strong.

   a. In or about January 2018, Narducci made an extortionate and usurious loan of $20,000 to Victim A.

      b.  In or about June 2018, the loan amount from Narducci was increased to $115,000.

      c.  In or about October 2018, when Victim A failed to make required weekly interest payments on the usurious loans, Narducci confronted Victim A at his place of employment and threatened him with violence by making a hand signal for a gun and saying, "This is what I do if you don't pay," or words to that effect.

      d.  On or about October 25, 2018, when Victim A failed to make required weekly interest payments on usurious loans, defendant Narducci physically assaulted Victim A by throwing him across a room, throwing him against a car and pushing his head against the windshield.

      e.  On or about October 27, 2018, Narducci directed his co-conspirator James Gallo to collect weekly interest payments on the usurious loans from Victim A.

      f.  On or about October 27, 2018, when Gallo collected a weekly interest payment from Victim A on behalf of Narducci, Gallo told Victim A that he should be scared of Narducci, stating, "He's a killer, you fucking idiot.   He's killed fucking eight people." This threat of violence by Gallo was recorded by Victim A.

      g.  On or about October 29, 2018, when Gallo collected a weekly interest payment from Victim A on behalf of Narducci, Gallo warned Victim A, "I'm not saying that he [referring to Narducci] won't come in and strangle you, but he's not gonna kill you." This threat of violence by Gallo was recorded by Victim A.

      h.      During a recorded meeting on November 26, 2018, Gallo admitted to Victim A that he had brought Narducci "$300,000 in loans," or words to that effect. This recorded statement clearly shows that Gallo and Narducci worked in concert to extort other loansharking victims beyond Victim A.

      i.      On or about December 7, 2018, when Victim A failed to make a weekly interest payment in the correct amount, Gallo told Victim A to "stop playing games" and that he was "playing with the wrong guy." Gallo also warned Victim A, "You know when you're gonna care? When he [referring to defendant Narducci] shows up with a fucking ski mask and you're gonna say, 'Oh No,' and it's too late. That's when you're gonna care. That's when you're gonna care. You're gonna say 'Oh No' and that's gonna be the last thing you're gonna fucking say. And that, I don't care. It's not my problem … That's what he does! This is what the guy does! He's mentioned in fourteen murders! Like, what's your problem?" This threat of violence by Gallo was recorded by Victim A.

3.      The total maximum statutory penalty defendant faces is 40 years of imprisonment, a $500,000 fine, 3 years of supervised release, and a $200 special assessment. The estimated guidelines range for the charged offenses is 63-78 months of imprisonment. Accordingly, the defendant has a substantial incentive to flee.

4.      The defendant has a significant criminal history, including a prior history of failure to abide by court supervision. The defendant has the following prior convictions:

      a.      In 1988, Narducci was convicted of federal RICO violations involving two murders and two attempted murders in the LCN prosecution of *United States v.*

*Nicodemo Scarfo, et al.*, Criminal No. 88-00003 (EDPA). Narducci was sentenced to 480 months of imprisonment.

      b.    In 1989, Narducci was convicted in the Philadelphia County Court of Common Pleas of the first-degree murder of Frank "Frankie Flowers" D'Alfonso. D'Alfonso, a prominent South Philadelphia bookmaker, was killed because he refused to make extortion payments to the mob. Narducci was one of two shooters who murdered D'Alfonso. Narducci was sentenced to mandatory life imprisonment. In 1992, the Pennsylvania Superior Court overturned the murder convictions and ordered a new trial. After retrial in 1997, a jury acquitted Narducci of the murder charges, but convicted him on the offense of possession of an instrument of crime. Narducci was sentenced to 2 to 5 years of imprisonment consecutive to his federal RICO sentence.

The defendant has the following arrests:

      a.    In February 1984, Narducci was arrested by the Mount Ephraim, New Jersey Police Department for carrying a prohibited weapon.

      b.    In April 1987, Narducci was arrested by the New Jersey State Police for attempted murder.

The defendant committed the charged offenses while he was on federal parole and under court supervision through the United States Probation Office.

      5.    The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE LYNNE A. SITARSKI
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention and Proposed Order was served on the counsel of record through the Electronic Case Filing (ECF) system.

**/s/ *John S. Han*** 
JOHN S. HAN
Trial Attorney
Organized Crime and Gang Section
United States Department of Justice

Date:   February 4, 2019